the captain; it was his duty to have gone forward, as he was ordered to do, and which the act was only intended to enforce. U. S. v. Bladen [Case No. 14,606]. Judge Story upholds the same construction of the act, and says the seizing the master and holding him back against the ship's rail against his will is, in the sense of the act, a clear case of confinement of the master; and it matters not whether it was for a long or a short time, for a minute or for an hour or a day. The law looks to the fact, and not to the duration of the confinement. If the seizing of the master (in the first instance) be justifiable, and he does not exceed the chastisement which he is by law entitled to inflict, then the seaman cannot restrain him, but is bound to submit; and if he does hold the master in personal confinement or restraint, it is an offence within the statute. U. S. v. Thompson [supra].

The instructions of the court to the jury must necessarily have been the same as were given if the whole testimony had been read from the minutes, instead of presenting the substance and effect of it as understood by the court. I think, however, on a review of my notes, that the relation of the captain, the only witness who speaks of pushing the defendant forward, is, that the defendant first seized him; because he says, when he took hold of him to push him forward, the defendant turned round and seized him and pushed him down. If the jury believed that statement, it proved that the defendant was the aggressor; that he was not resisting the captain pushing him forward, but was the assailant, seizing hold of the captain and pushing him down. I am of opinion that a new trial ought not to be granted because of any misdirection of the court to the jury in the case. A new trial is also asked in this case because of newly discovered evidence or testimony, which for the first time was at the command of the defendant. This refers to the co-defendants in the indictment, all of whom are acquitted; and it is contended that he is now entitled to a new trial for the purpose of availing himself of their testimony. No decision has been found sanctioning such an application, and the instances in criminal proceeding for misdemeanors and civil actions for trespass must be numerous where some in the same prosecution are convicted and others acquitted. The want of authority in support of the motion is a forcible argument against the relief sought for, it imputing a general acceptance of the law to be otherwise partially connected with the consideration that a well established remedy is afforded when no evidence is produced against one defendant by discharging him from the indictment in order to his being a witness in the case. That was done in this case, a verdict having been taken in favor of Cottors, and he was afterwards sworn and examined as a witness for the other defendants. It is now proposed to advance the doctrine another step, and hold that if on the ultimate hearing any others are acquitted, the convicted portion of the defendants are entitled to a new trial for the purpose of letting in their testimony. This, it appears to me, will be legislating a new principle into the law of jury trials, and I cannot discern any principle upon which it is founded. It does not assimilate itself to a case of newly discovered evidence, because the allegation is that these co-defendants were present at the time with the prisoner, and he accordingly always knew they might be witnesses in the matter. He has not discovered their presence at the time, or any facts they could prove, since his trial, but was as well informed in those particulars then as he is now. This proceeding is not necessary to protect defendants against the abuse of having their witnesses included in the same indictment with themselves; for if a grand jury are misled by the accusing proofs and bring them within the indictment, that ought not to be charged criminally; the courts have the power on proper evidence to sever the trials, and then the protection of his testimony will be secured to any party desiring it. I think this branch of the application is not sufficient to entitle the defendant to a new trial. Judgment against the motion.

---

## Case No. 8,040.

### LANDERS v. The SEA FOWL.

[See Case No. 12,296a.]

---

LANDRUM (UNITED STATES v.). See Case No. 15,558.

---

## Case No. 8,041.

### In re LANDSBERG.

[11 Int. Rev. Rec. 142, 150.]

District Court, E. D. Michigan. April 26, 1870.

CUSTOMS LAWS — LIMITATION OF SUITS AND PROSECUTIONS — REPEAL OF ACTS.

[1. The effect of the act of March 3, 1863 (12 Stat. 741, § 14), is to subject all suits and prosecutions for the recovery of penalties and forfeitures arising under the customs laws, and all crimes arising under said laws, to a five-years limitation of action or prosecution.]

[Cited in U. S. v. Maillard, Case No. 15,709.]

[2. The act of August 30, 1842 (5 Stat. 565, § 19), relating to smuggling, and the act of March 3, 1823 (3 Stat. 782, § 2), relating to receiving, concealing, etc., smuggled goods, are repealed by Act July 18, 1866 (14 Stat. 188, § 42).]

[Cited in U. S. v. Merriam, Case No. 15,759; U. S. v. Chong Sam, 47 Fed. 886.]

On the 16th day of March, 1870 [Adolph] Landsberg was arrested and brought before Commissioner Wm. D. Wilkins, on a warrant charging him with having, in the spring, summer and fall of 1864, and in the winter of